UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROSENBALM, | No. C 09-2208 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| EDWARD FOULK; et al., | |
| Defendants. | |

## INTRODUCTION

Vincent Rosenbalm, an inmate at Napa State Hospital, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

A.  Litigation History

This action is Vincent Rosenbalm's fifty-ninth action filed in this district. The first eight were filed in 1996, and the last fifty-one were filed starting when he was most recently put in custody in 2006. After numerous dismissals, Rosenbalm was subjected to the frequent filer rule of 28 U.S.C. § 1915(g), which disallows pauper status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Section 1915(g) was the basis for dismissal of dozens for Rosenbalm's civil actions after the court determined that he was a prisoner. See, e.g., Order Of Dismissal

filed June 1, 2007 in In Re. Vincent Rosenbalm, No. C 06-7801 SI, et al. Rosenbalm paid the filing fee in the present action.

In addition to numerous civil complaints, Rosenbalm filed some habeas petitions. His petitions were dismissed for reasons unrelated to § 1915(g). Rosenbalm's challenges to the criminal proceedings against him were dismissed without prejudice to him filing a new petition for writ of habeas corpus, but not until he is convicted or committed and exhausted state court remedies. See, e.g., Orders Of Dismissal in Rosenbalm v. Superior Court, No. C 06-7412 SI, and Rosenbalm v. Pearce, No. C 06-7237 SI. Rosenbalm's challenge to his commitment to the state mental hospital was dismissed without prejudice to him filing a new habeas petition challenging that order after exhausting state court remedies. See Order Of Dismissal in Rosenbalm v. Foulk, No. C 07-4197 SI.

Rosenbalm is currently housed at Napa State Hospital. In 2006, the Mendocino County District Attorney filed a complaint charging Rosenbalm with the felony of making a criminal threat, see Cal. Penal Code § 422. Defense counsel quickly declared doubt as to Rosenbalm's mental competency to stand trial, see Cal. Penal Code § 1368. On December 26, 2006, the court found Rosenbalm not competent to stand trial and ordered Rosenbalm committed to Napa State Hospital until he regained competence or for a maximum commitment time of three years, see Cal. Penal Code § 1370. See Order Of Dismissal in Rosenbalm v. Foulk, No. 07-4197 SI. Rosenbalm indicates in his complaint that his term at Napa State Hospital is nearing an end.

B.   The Complaint

The claims in the complaint can be divided into four categories: problems with the Ukiah police, problems at the county jail, problems with his criminal case, and problems at Napa State Hospital.

Ukiah Police Department: Rosenbalm alleges that the police stole his personal property and threatened his dogs. He also alleges that he was improperly arrested. Complaint, "statement of case" attachment, pp. 1, 4-5, 9.

Problems At County Jail: Rosenbalm alleges that he was denied a toothbrush for some

unstated period while he was housed at the Mendocino County Jail. He also alleges that he was denied breakfast one day, although he was given lunch that day. Id. at 13.

Criminal Prosecution: Rosenbalm alleges numerous errors in the course of the criminal proceedings against him in the Mendocino County Superior Court. He alleges he received an untimely preliminary hearing, he is in custody based on falsified psychiatric reports, he was denied effective assistance of counsel, there was judicial misconduct, he was denied discovery, he was denied his right to confront witnesses, he was denied hearings, he was denied a speedy trial, his state habeas petitions were denied, he was maliciously prosecuted, he was denied bail, and the proceedings for involuntary medications were improper. Id. at 2-13.

Problems At Napa State Hospital: Rosenbalm alleges that his mail was tampered with repeatedly. Id. at 3. He alleges that he was beaten on May 3, 2007. Id. at 5. He alleges that his computer disks were stolen. Id. at 8. And he alleges that he was "denied access to the Jewish chapel which I call the synagogue" for over six months. Id. at 14.

**DISCUSSION**

Rosenbalm paid the full filing fee for the civil rights complaint filed to commence this action. He therefore is not subjected to the frequent filer rule of 28 U.S.C. § 1915(g) for this action. However, because he is a prisoner, his complaint is subject to 28 U.S.C. § 1915A(a), which requires the court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

3

487 U.S. 42, 48 (1988).

The complaint has several deficiencies that make it necessary for Rosenbalm to file an amended complaint. First, the complaint has significant joinder problems. It appears that Rosenbalm is trying to litigate in a single action every claim that has previously been dismissed (although he states he has hundreds of additional constitutional claims not alleged, Complaint, "statement of claims" attachment, p. 15). Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rosenbalm's claims fall into four categories (i.e., interactions with police at or about the time he was arrested, problems at the county jail, the prosecution of the criminal case against him, and conditions at Napa State Hospital), and almost certainly are directed at different sets of defendants. Rather than the court guessing which claim is most important to Rosenbalm and selecting that claim as the reference point for applying Rule 20(a) to the other claims, Rosenbalm will be permitted to choose which category he thinks is most important to him and which claim within the category he thinks is most important to him. It may be that even the claims within a category are not properly joined, but there is insufficient information in the complaint for the court to make that determination. The better course is for Rosenbalm to pick one of the categories, and file an amended complaint that includes only the claims within that category and to allege his most important claim first. As to the claims within the chosen category, he must only include the claims that are properly joined, i.e., that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. Dismissal of the other claims that are not properly joined does not mean that they are lost forever, but only that they cannot be pursued in this action – Rosenbalm may file a new action in which he asserts those claims.

The second problem with the complaint concerns the Heck rule, which may affect Rosenbalm's selection of which category of claims he wants to include in his amended

4

complaint. Most of the claims pertaining to the criminal proceedings cannot go forward at this time because they would implicate the validity of the criminal proceedings now pending. The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. See id. at 486-87. The Heck rule also applies to requests for equitable relief.[1] A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action; the conviction must have been successfully attacked before the civil rights action is filed. Until two years ago, Heck-type claims by pretrial detainees were routinely dismissed as having not yet accrued. However, two years ago, the Supreme Court announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007). Heck does not encompass the principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." Wallace, 549 U.S. at 393 (emphasis in original). Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." See id. at 393-94.

Here, the claims that the arrest and prosecution as well as the competency proceedings done in connection with the pending criminal prosecution violated Rosenbalm's constitutional rights relate to rulings that have been or likely will be made in his pending criminal case. These claims should not go forward because the plaintiff's criminal proceedings are still pending; rather, these claims would be stayed until the criminal case or the likelihood of a criminal case

---

[1] The Heck rule was first announced with respect to an action for damages, but the Supreme Court has since applied the rule to an action that sought declaratory relief as well as damages. See Edwards v. Balisok, 520 U.S. 641, 648 (1997). That Heck applies to both damages and equitable relief was further clarified in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

5

1 is ended. See id. Specifically, his claims that he received an untimely preliminary hearing, that he is in custody based on falsified psychiatric reports, that he was denied effective assistance of counsel, that there was judicial misconduct, that he was denied discovery, that he was denied his right to confront witnesses, that he was denied a speedy trial, and that he was maliciously prosecuted would have to be stayed because success on any of them would call into question the validity of the criminal proceedings against him and the order of commitment in that criminal case. Likewise, any claim for false arrest also would call into question the validity of the criminal proceedings against him. See Wallace, 549 U.S. at 393-94. The only claims pertaining to the criminal case or commitment that would not have to be stayed under the Heck rule are the claims that he was denied bail and that the proceedings for involuntary medications were improper.[2] The court is not now staying those claims subject to Heck, but only explaining that if they are the ones included in the amended complaint, they will be stayed.

The third problem with the complaint is that it does not adequately link defendants to claims. For each claim in his amended complaint, Rosenbalm must name as defendants those individuals whose acts or omissions caused the constitutional violation. He must link those persons by alleging what each person did or failed to do that caused a violation of his rights. It is not sufficient to identify them as a group, e.g., the hospital staff, and instead must provide names of individual persons.

Rosenbalm has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal

---

[2] Rosenbalm's claim that his habeas petitions were improperly denied by the state courts is not barred by Heck, but does not state a claim upon which relief may be granted in a § 1983 action. This court does not have subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)

6

issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 2, # 7.)

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **November 6, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of part or all of the action.

IT IS SO ORDERED.

Dated: September 30, 2009

_____
SUSAN ILLSTON
United States District Judge

7