UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROSENBALM,

    Plaintiff,

v.

EDWARD FOULK; et al.,

    Defendants.

No. C 09-2208 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Vincent Rosenbalm, formerly an inmate at Napa State Hospital and now residing in Oregon, filed a pro se civil rights action under 42 U.S.C. § 1983. The court dismissed his original complaint with leave to amend. His amended complaint is now before the court for review under 28 U.S.C. § 1915A. For the reasons discussed below, the amended complaint will be dismissed, the several miscellaneous motions will be denied, and judgment will be entered.

## BACKGROUND

A.   Litigation History

This action is Vincent Rosenbalm's fifty-ninth action filed in this district. The first eight were filed in 1996, and the last fifty-one were filed starting when he was most recently put in custody in 2006. After numerous dismissals, Rosenbalm was subjected to the frequent filer rule of 28 U.S.C. § 1915(g), which disallows pauper status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury." Section 1915(g) was the basis for dismissal of dozens for Rosenbalm's civil actions after the court determined that he was a prisoner. See, e.g., Order Of Dismissal filed June 1, 2007 in In Re. Vincent Rosenbalm, No. C 06-7801 SI, et al. Rosenbalm paid the filing fee in the present action.

In addition to numerous civil complaints, Rosenbalm filed some habeas petitions. His petitions were dismissed for reasons unrelated to § 1915(g). Rosenbalm's challenges to the criminal proceedings against him were dismissed without prejudice to him filing a new petition for writ of habeas corpus, but not until he was convicted or committed and exhausted state court remedies. See, e.g., Orders Of Dismissal in Rosenbalm v. Superior Court, No. C 06-7412 SI, and Rosenbalm v. Pearce, No. C 06-7237 SI. Rosenbalm's challenge to his commitment to the state mental hospital was dismissed without prejudice to him filing a new habeas petition challenging that order after exhausting state court remedies. See Order Of Dismissal in Rosenbalm v. Foulk, No. C 07-4197 SI.

Until about January of this year, Rosenbalm was housed at Napa State Hospital in connection with a criminal case in Mendocino County. In 2006, the Mendocino County District Attorney filed a complaint charging Rosenbalm with the felony of making a criminal threat, see Cal. Penal Code § 422. Defense counsel quickly declared doubt as to Rosenbalm's mental competency to stand trial, see Cal. Penal Code § 1368. On December 26, 2006, the court found Rosenbalm not competent to stand trial and ordered Rosenbalm committed to Napa State Hospital until he regained competence or for a maximum commitment time of three years, see Cal. Penal Code § 1370. See Order Of Dismissal in Rosenbalm v. Foulk, No. 07-4197 SI. Rosenbalm stated in his amended complaint, p. 2, that his "case was 'reversed' on appeal for failure to give [him] a Marsden hearing from 2006 till 2009!!" Amended Complaint, p. 2. He was released from custody in or about January 2010.

B.   The Complaint

The original complaint pertained to a wide range of problems. The claims in the complaint generally fell into one of four categories: problems with the Ukiah police, problems

2

at the county jail, problems with his criminal case, and problems at Napa State Hospital.

The court dismissed the complaint with leave to amend. In so doing, it noted three major deficient areas in the complaint that Rosenbalm had to address in his amended complaint. First, and foremost, Rosenbalm had to narrow the focus because the complaint had significant joinder problems. Order Of Dismissal With Leave To Amend, p. 4. Second, there was a potential Heck problem insofar as Rosenbalm wanted to assert claims about the criminal case pending against him. Id. at 4-6. For purposes of this order only, the court will assume without deciding that Heck would not bar the claims. Third, the complaint did not adequately link individual defendants to claims. Id. at 6. Rosenbalm made almost no effort to address that deficiency in his amended complaint.

C.   The Amended Complaint

In his amended complaint, Rosenbalm alleges several claims pertaining to the criminal case against him. He contends that: (a) he was subjected to unlawful imprisonment because he was kept beyond the expiration of the limitations period for prosecution of his crime; (b) he was improperly denied a proper Marsden hearing for three years; (c) the then-recently deceased district attorney's name was listed on the criminal complaint against him (although the document was signed by another person as "interim district attorney"), Amended Complaint, pp. 19-21, 38; (d) a preliminary hearing was not held in a timely manner, id. at 24; (e) his appointed attorney did not provide effective assistance of counsel, id. at 25, 30-32; (f) he was "denied hearings at almost all stages of trial" by several judges, id. at 26-28; (g) he was denied bail, id. at 29; (h) the doctor who examined him for purposes of determining his competency committed perjury in his report, id. at 33; (I) a doctor at Napa State Hospital submitted a report on February 20, 2007 that incorrectly stated that Rosenbalm was dangerous, id.; (j) he was denied a speedy trial, id. at 37; and (k) the trial judge improperly denied a recusal request, id. at 38.

The amended complaint also includes allegations that Ukiah police officers stole cash and property from Rosenbalm in connection with his arrest. Id. at 17. At least some of the property was taken pursuant to a search warrant, according to Rosenbalm. Id. Rosenbalm also alleges

that dogs, cars, furniture and golf clubs were stolen from him during his incarceration by Ukiah police and Mendocino County law enforcement employees; id. at 32, 35; his prosecution and arrest were hate crimes, id. at 33; and police or deputies wouldn't take him to a court appearance to oppose his landlord's efforts to dispossess him of his home or personal property, id. at 43.

The amended complaint also alleges claims about the conditions of confinement at the county jail and the state hospital. Rosenbalm alleges, among other things, that: he was denied a toothbrush on October 19, 2006 at the county jail and later lost a tooth, id. at 24; his property was taken and not returned at Napa State Hospital in December 2008, id. at 29; his mail was not delivered in the winter of 2006 at the county jail, id.; his mail was tampered with and destroyed from time to time at the state hospital and county jail, id. at 34-35; he was assaulted on or about May 3, 2007 at Napa State Hospital, id. at 42; he was denied access to the synagogue at Napa State Hospital, id. at 43; and he was denied court access at Napa State Hospital, id. at 44.

## DISCUSSION

Rosenbalm paid the full filing fee for the civil rights complaint filed to commence this action. He therefore is not subjected to the frequent filer rule of 28 U.S.C. § 1915(g) for this action. However, because he was a prisoner at the time of filing, his amended complaint is subject to 28 U.S.C. § 1915A(a), which requires the court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

4

A.      Dismissal Of Improperly Joined Claims

One of the major problems with the original complaint was its great breadth of topics. In dismissing it with leave to amend, the court explained:

> [T]he complaint has significant joinder problems. It appears that Rosenbalm is trying to litigate every claim that has previously been dismissed in a single action (although he states he has hundreds of additional constitutional claims not alleged, Complaint, "statement of claims" attachment, p. 15). Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rosenbalm's claim fall into four categories (i.e., interactions with police at or about the time he was arrested, problems at the county jail, the prosecution of the criminal case against him, and conditions at Napa State Hospital), and almost certainly are directed at different sets of defendants. Rather than the court guessing which claim is most important to Rosenbalm and selecting that claim as the reference point for applying Rule 20(a) to the other claims, Rosenbalm will be permitted to choose which category he thinks is most important to him and which claim within the category he thinks is most important to him. It may be that even the claims within a category are not properly joined, but there is insufficient information in the complaint for the court to make that determination. The better course is for Rosenbalm to pick one of the categories, and file an amended complaint that includes only the claims within that category and to allege his most important claim first. As to the claims within the chosen category, he must only include the claims that are properly joined, i.e., that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants. Dismissal of the other claims that are not properly joined does not mean that they are lost forever, but only that they cannot be pursued in this action – Rosenbalm is free to file a new action in which he asserts those claims.

Order of Dismissal With Leave to Amend, p. 4.

Rosenbalm chose not to comply with those directions, as his amended complaint is almost as broad as his complaint. Accordingly, the court now does that which Rosenbalm chose not to: excise the improperly joined claims. The claims pertaining to the criminal case are the first described in the amended complaint, and therefore appear to be the most important to Rosenbalm.

The claims against the Ukiah police, Mendocino County Sheriff's deputies, and Mendocino County animal control officers for confiscation of his property are not properly joined with the claims pertaining to the criminal case because no "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and no "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The claims against

the Ukiah police, Mendocino County Sheriff's deputies, and Mendocino County animal control officers for confiscation of Rosenbalm's property therefore are dismissed without prejudice to him filing another action in which he asserts those claims.

Similarly, Rosenbalm's claims against his jailers and the officials at Napa State Hospital about the conditions of confinement at those two facilities are not properly joined with the claims pertaining to the criminal prosecution because no "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and no "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The claims against the Mendocino County Sheriff and officials at Napa State Hospital therefore are dismissed without prejudice to Rosenbalm filing another action in which he asserts those claims. With the dismissal of these improperly joined claims, there remain to be adjudicated the claims pertaining to the criminal prosecution against Rosenbalm.

## B. Review Of Remaining Claims

### 1. Claim Of Illegal Detention

In his amended complaint, Rosenbalm alleged that he was "illegally" detained for three years. Amended Complaint, p. 2. He alleges that the Mendocino County Superior Court "violated the statute of limitations" on October 19, 2009 by not releasing him. Id. at 2. He states that he was arrested on the criminal charge on October 19, 2006, and that the statute of limitation requires that prosecution for his offense must be commenced within three years of the commission of the offense. Therefore, he reasons, his detention after October 19, 2009 was impermissible.

What Rosenbalm fails to appreciate is that a statute of limitations does not define the length of permissible detention but instead puts a limit on when the criminal prosecution must begin. The statute requires that the "prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense." Cal. Penal Code § 801. Rosenbalm's claim that he was illegally detained because he was not released

from custody before the expiration of the statute of limitations is dismissed without leave to amend.

### 2. Claims Pertaining To The Criminal Prosecution

Rosenbalm alleges various claims relating to the criminal prosecution against him in Mendocino County Superior Court. Although Rosenbalm for the most part failed to name defendants for his claims, the court concludes that, based on the facts alleged, none of the expected defendants can be sued in a § 1983 action.

The judges who presided over Rosenbalm's criminal case have absolute judicial immunity for the acts alleged in the amended complaint, as the allegations concern decisions they made in presiding over the case and those are acts performed in their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967).

The district attorney has absolute prosecutorial immunity for the acts alleged in the amended complaint, as the allegations concern his conduct as an advocate during the initiation of the case and its presentation to the superior court in the criminal case. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); see, e.g., Burns v. Reed, 500 U.S. 478, 490-91 & n.6 (1991) (prosecutors absolutely immune for their conduct before grand juries and in presenting evidence at probable-cause hearings for a search warrant).

Rosenbalm's defense attorney is not a state actor who could be sued in a § 1983 action. State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). All of the allegations Rosenbalm makes against his defense attorneys are made about traditional lawyering functions in criminal cases.

The above-mentioned immunities for the judges and prosecutor, and the public defender's

1 status as a non-state actor, require dismissal of Rosenbalm's claims against them. The court 2 dismisses Rosenbalm's claims for: unlawful imprisonment because he was kept beyond the 3 expiration of the limitations period for prosecution of his crime; denial of a timely proper 4 Marsden hearing; defective listing of the attorney name on the criminal complaint; untimely 5 preliminary hearing; ineffective assistance of counsel; and denial of hearings, bail, speedy trial, 6 and a recusal request.

7 Rosenbalm also alleges that two doctors made false statements. He alleges that Dr. 8 Rosoff, the psychologist/psychiatrist to whom he was referred for an evaluation of his 9 competency, allegedly committed perjury in his report to the court that was used to find 10 Rosenbalm incompetent. The report was used at court hearings held to determine whether 11 Rosenbalm should be committed pending a restoration of his competence. Although Rosenbalm 12 alleges that he was unable to personally confront Dr. Rosoff, his attorney had stipulated to the 13 admission of the doctors' mental evaluation reports at the competency hearing on November 27, 14 2006. People v. Rosenbalm, 2008 WL 888945, *2 (Cal. Ct. App. 2008) (unpublished decision). 15 Rosenbalm also alleges that Dr. Wiltse at Napa State Hospital submitted a report to the court on 16 February 20, 2007 that incorrectly stated that he was dangerous. The claims against the doctors 17 fail because Rosenbalm had no constitutionally guaranteed immunity from being falsely or 18 wrongly accused of conduct that could result in the deprivation of a protected liberty interest. 19 See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as he was afforded 20 procedural due process in connection with the competency proceedings, the allegations that 21 doctors included false information in their reports submitted in connection with those 22 proceedings, fail to state a claim under § 1983. Insofar as he could allege that procedural 23 protections were not afforded, those claims would be against the judge, prosecutor, and/or public 24 defender, but a claim against one or more of them could not proceed for the reasons discussed 25 above. Further, absolute witness immunity would bar a claim with regard to at least the 26 testimony from such a witness if either testified. See Briscoe v. LaHue, 460 U.S. 325, 329-46 27 (1983) (police officer witness at trial); Burns v. County of King, 883 F.2d 819 (9th Cir. 1989) 28 (social worker preparing affidavit for use at bail revocation proceeding). The due process

8

claims against the doctors are dismissed.

C.  Miscellaneous Motions

All of the claims in the amended complaint have been dismissed. In light of the dismissal of those claims, Rosenbalm's several miscellaneous motions will be denied. Specifically, the motion to enforce emergency summons service is DENIED. (Docket # 11.) No summonses will issue from the court and no summons should be served by Rosenbalm because the court has concluded that the amended complaint does not state a claim against any defendant. Rosenbalm's renewed motions to appoint counsel are DENIED. (Docket # 14, 17, and 18.) Counsel will not be appointed in a dismissed action. Rosenbalm's motion for a rehearing on his Marsden motion is DENIED (Docket # 13.) That motion should have been made, if at all, in his criminal case in state court.

**CONCLUSION**

For the foregoing reasons, the amended complaint is dismissed without leave to amend for failure to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 13, 2010

_____
SUSAN ILLSTON
United States District Judge

9