UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROSENBALM, | No. C 09-2208 SI (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| EDWARD FOULK; et al., | |
| Defendants. | |

Vincent Rosenbalm, formerly an inmate at Napa State Hospital and now residing in Oregon, filed a pro se civil rights action under 42 U.S.C. § 1983. The court dismissed his original complaint with leave to amend. He filed an amended complaint, which the court reviewed under 28 U.S.C. § 1915A and dismissed without further leave to amend. Several claims were dismissed without prejudice as improperly joined and several claims were dismissed for failure to state a claim upon which relief could be granted. Rosenbalm then filed a motion for reconsideration and submitted a proposed second amended complaint.

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). In his motion, Rosenbalm repeats allegations about problems he encountered at Napa State Hospital, but those claims were dismissed as improperly joined, see Order Of Dismissal, pp. 5-6, and he repeats allegations about problems in the criminal case against him, but those claims were

dismissed for failure to state a claim upon which relief may be granted, see id. at 7-9. Rosenbalm has not shown newly discovered evidence, clear error by the court or any change in the law. Accordingly, the motion for reconsideration is DENIED. (Docket # 22.)[1]

Rosenbalm's second amended complaint will not be filed. After final judgment has been entered, the district court may consider a Rule 15 motion to amend only if the judgment is first reopened pursuant to a motion under Federal Rule of Civil Procedure 59 or 60. See Lindauer v. Rogers, 96 F.3d 1355, 1357 (9th Cir. 1996). This is a high hurdle to overcome, because a judgment is not properly reopened "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Weeks v. Bayer, 246 F.3d 1231, 1236-37 (9th Cir. 2001) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). As explained in the preceding paragraph, Rosenbalm has not shown any reason to reconsider and reopen the judgment. The court will not grant leave for him to file a second amended complaint. He can file a new action asserting claims that were dismissed as improperly joined (as explained

/ / /

/ / /

/ / /

---

[1] Rosenbalm argues that a new judge should be appointed because some of the mail allegedly confiscated related to a judicial misconduct complaint against the undersigned. Motion For Reconsideration, p. 3. The recusal request is denied as untimely . See 28 U.S.C. § 144. Rosenbalm cannot wait until he receives an adverse ruling to seek recusal of a judge who he has known for more than a year has been assigned to his case. Further, the allegation that a state hospital employee interfered with mail pertaining to a judicial misconduct complaint does not show any cause for recusal of the target of the judicial misconduct complaint. Finally, the complaint and amended complaint did not allege a claim for judicial misconduct against the undersigned. Although Rosenbalm has filed such complaints in the past against the undersigned, those actions were assigned to another judge who summarily dismissed them. See Rosenbalm v. Illston, C 08-2183 RMW (originally assigned to the undersigned and then reassigned to Judge White); Rosenbalm v. Illston, C 08-2318 RMW; Rosenbalm v. Illston C 08-3409 RMW.

2

1  in the Order Of Dismissal, p. 6), but he cannot circumvent joinder rules by serially presenting
2  unrelated claims in a single action through repeated amendment until he finds some claim that
3  can proceed against some defendant. An additional separate reason to disallow the proposed
4  second amended complaint is that Rosenbalm has submitted a pleading that disregards the court's
5  earlier orders: some claims ignore the directions in the Order of Dismissal With Leave To
6  Amend to link defendant(s) to claims and other claims ignore the explanation in the Order of
7  Dismissal that the claims concerning the criminal case cannot proceed.

   IT IS SO ORDERED.

Dated: August 23, 2010

_____
SUSAN ILLSTON
United States District Judge